Bayaud *v.* Fellows.

———————◆———————

## BAYAUD & BERARD *vs.* FELLOWS.

A receiver should never be appointed over a mortgagee of chattels in possession, where he swears to a balance due him : much less where the plaintiff himself states such balance, and that the pledge is not an inadequate security for such balance.

Where there is no allegation of danger, or irresponsibility on the part of the mortgagee, he will not be restrained, by injunction, from selling the same, to reimburse himself for his advances.

Nor will a receiver be appointed, to take the property out of his possession and make sale thereof, and keep the proceeds, until the accounts are finally settled between the parties.

Neither will the fact that the mortgagor has a claim against the mortgagee, arising out of a different transaction, which claim, if valid, is a set-off against the sum due upon the mortgage, but which is not established nor the amount thereof adjusted, entitle the mortgagor to an injunction and receiver, in respect to the property pledged.

Bayaud *v.* Fellows.

APPEAL from an order made at a special term, for an injunction and a receiver.

*Albert Mathews,* for the appellant.

*J. Larocque,* for the respondents.

*By the Court,* DAVIES, P. J.   The complaint alleges that the plaintiffs, being indebted to the defendant, made to him a pledge of a quantity of wine to secure that indebtedness; that portions thereof have been sold; that 285 quarter casks remain unsold in the custom house; and that the same is of the value of $7550.   The plaintiffs state that the balance due by them on such indebtedness is less than the amount of a promissory note, mentioned in the complaint, which was $4997.33.

In considering this case, in the first place, it is well to disembarrass it of all claim of the plaintiffs against the defendant on account of that note.   How does it stand then?

The plaintiffs, admitting their indebtedness to the defendant in about the sum of $5000, seek to restrain him by injunction from selling the property pledged to secure this indebtedness, and pray for the appointment of a receiver to take charge of the same.   The injunction has been granted and an order made for such appointment.   From this order the defendant has appealed.   The ground of the injunction, as stated in the complaint, is that the plaintiffs apprehend the defendant, unless restrained by injunction, will part with the wines to a bona fide purchaser, so as to defeat the claim of the plaintiffs against him on said note.   Now we regard it as well settled, that a receiver is never to be appointed over a mortgagee in possession, where he swears to a balance due him; much less when the plaintiff himself states such balance, and that the pledge is not an inadequate security for such balance.   (*Quinn* v. *Brittain,* 3 *Ed. Ch. Rep.* 314.   *Patten* v. *Acces. Transit Co.,* 4 *Abbott,* 235.)

In this view of the case, there being no allegation of danger

Bayaud *v.* Fellows.

or irresponsibility, on the part of the mortgagee in whose possession the property is, we see no reason for restraining him from selling the same, to reimburse himself for his advances; or why a receiver should be appointed to take the same out of his possession, and make sale thereof, and keep the proceeds until the accounts are finally settled between the parties.

Next, as to the right of the plaintiffs to have an injunction and receiver, on account of the moneys due them by the defendant on the note of theirs loaned to him, and which they have taken up, and now claim that it should be repaid by him. This is nothing more than a simple contract debt of the plaintiffs, against the defendant, and which, to the extent claimed by them, is denied by him. It has no connection with the pledge of wines, and forms no lien on them. It is simply a claim of the plaintiffs for the amount actually due to them upon it, against the defendant, and which, to that extent, reduces their indebtedness to him. It is a set-off in their hands to that amount, but while it is not established and the amount is not adjusted, this court ought not to restrain the defendant from selling the pledge, or sufficient to reimburse himself. A simple contract creditor cannot have an injunction to restrain even a fraudulent disposition of property; much less to retain it in the possession of the alleged debtor, or place it in the hands of a receiver. (*Reubens* v. *Joel,* 3 *Kern.* 488.) Without discussing the other questions presented in the papers, we think the order appealed from cannot be sustained, in either of the aspects in which it is claimed to be right by the plaintiffs; and it must therefore be reversed with costs.

[NEW YORK GENERAL TERM, November 4, 1858. *Davies, Clerke* and *Sutherland,* Justices.]